[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14890
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81300-KAM,
Bkcy No. 0:10-bkc-28987-PGH

DEVALIE MORRISON,

Debtor.

_____

JANICE MORRISON,

Plaintiff-Appellant,

versus

DEVALIE MORRISON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Janice Morrison appeals *pro se* an order affirming the denial of her motions for a second evidentiary hearing in the bankruptcy court. We affirm.

In her motions, Morrison requested another evidentiary hearing to determine whether she had an ownership interest in property that her sister had identified as part of her bankruptcy estate. On October 23, 2013, the bankruptcy court held an evidentiary hearing during which Morrison testified. On November 1, 2013, the bankruptcy court entered two orders that compelled Morrison to turn the property over to her sister's bankruptcy estate, and Morrison appealed.

The bankruptcy court reopened the evidentiary hearing because the court reporter was unable to transcribe Morrison's testimony, and the district court dismissed Morrison's appeal without prejudice with leave "refile her appeal at the conclusion of the evidentiary hearing." Morrison moved for a temporary injunction, which the district court later dismissed as moot and without prejudice to file another motion for appropriate relief. On May 12, 2014, Morrison testified a second time, after which the bankruptcy court remarked that her testimony could require it to change its ruling. The bankruptcy court invited the parties to submit case law or evidence that had to be filed with a joint stipulation regarding its authenticity or with a request for an evidentiary hearing. Morrison filed an affidavit

in which the realtor who sold the property averred that Morrison and her sister jointly purchased the property, but Morrison's sister responded the evidence had been available to Morrison at the time of October 2013 hearing.

Morrison filed three motions for a second evidentiary hearing, which the bankruptcy court denied. The bankruptcy court ruled that there was no pending motion on which to hold an evidentiary hearing. The district court also ruled that, even if it construed the motions as filed under Federal Rule of Civil Procedure 60(b), they were untimely to request reconsideration of the orders entered in November 2013 and failed to state any grounds to warrant reconsideration.

The district court affirmed. The district court ruled that Morrison's "motions . . . raised an issue that was previously resolved and dismissed on appeal" and that she "provided no valid legal basis for the bankruptcy court to revisit or set aside its previous ruling . . . ."

On appeal, Morrison challenges only the order that affirmed the denial of her three motions for an evidentiary hearing. Morrison's notice of appeal states that she is challenging "the Final Order . . . of the District Court . . . Affirming Bankruptcy Court's Denial of [Her] motions to set evidentiary hearings," and her brief on appeal is limited to the same topic. In any event, the notice of appeal that Morrison filed on September 18, 2015, would be untimely to appeal the two orders that the bankruptcy court entered in November 2013. *See* Fed. R. Bankr. P.

8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."). Morrison had to challenge the orders entered in November 2013 to avoid turning over the property, but she failed to do so. After Morrison testified a second time, the bankruptcy court offered to revisit its ruling if Morrison submitted case law or new evidence accompanied by a joint stipulation regarding authenticity or a request for an evidentiary hearing, but she failed to authenticate her realtor's affidavit or to submit any case law to support her claim to the property. She never filed another motion in the bankruptcy court for appropriate relief. Morrison also forfeited the opportunity to "refile her appeal at the conclusion of the evidentiary hearing."

The district court did not err by affirming the order that denied Morrison's motions for a second evidentiary hearing. *See In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015). Morrison argues that the district court violated her right to due process by dismissing her appeal on a record devoid of her testimony, but Morrison failed to request that the court reporter include transcripts of the hearings on October 23, 2013, or May 12, 2014, in the record on appeal. And Morrison acknowledges that she bore the burden of designating which filings, orders, and hearings to include in the appellate record. *See* Fed. R. Bankr. P. 8009(a)(1)(A). Morrison argues that the lack of a transcript is attributable to the malfunction of the court reporter's equipment during the hearing in October 2013,

4

but that does not excuse Morrison's failure to request a transcript of her testimony during the hearing in May 2014. Although Morrison was proceeding *pro se*, she was nonetheless required to comply with the rules of procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (discussing the requirements of Fed. R. App. P. 10(b)(2), which has the same requirements as Fed. R. Bankr. P. 8009(b)(5)). Without a transcript, Morrison could not "argue on appeal [to the district court] that a finding or conclusion [of the bankruptcy court] [was] unsupported by the evidence or [was] contrary to the evidence." *See* Fed. R. Bankr. P. 8009(b)(5). The district court correctly affirmed the order of the bankruptcy court.

**AFFIRMED.**